UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION FUND, INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND, CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS, <br><br> Plaintiffs, <br><br> v. <br><br> B SQUARED CONSTRUCTION SERVICE, LLC an Indiana limited liability company, Clerk's Entry of Default entered on 12/4/2024, <br><br> Defendant. | No. 1:24-cv-01848-JPH-TAB |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On October 17, 2024, Plaintiffs IN/KY/OH Regional Council of Carpenters Pension Fund, IN State Council of Carpenters Fund, IN/KY/OH Regional Council of Carpenters Defined Pension Fund, IN/KY/OH Regional Council of Carpenters Welfare Fund, IN/KY/OH Regional Council of Carpenters Joint Apprenticeship and Training Fund, and Central Midwest Regional Council of Carpenters ("Plaintiffs") filed a complaint against B

1

Squared Construction Service, LLC ("B Squared") seeking damages for breach of the Union's collective bargaining agreement ("CBA") and the Trust Funds' Agreements and Declarations of Trust ("Trust Agreements"). Dkt. 1. B Squared has not responded or defended this case. On December 4, 2024, a Clerk's entry of default was entered against the Defendant. Dkt. 11. On January 23, 2025, the Court granted Plaintiff's motion for an audit to calculate damages. Dkt. 14. Plaintiffs then filed a motion for default judgment. Dkt. [20]. For the reasons that follow, that motion is **GRANTED**.

### A. Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was issued against B Squared, dkt. 11, and Plaintiffs seek default judgment, dkt. 20. The allegations in the Complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B. Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation."

2

*Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Here, Plaintiffs seek damages, interest, and attorneys' fees and costs. Dkt. 20 at 4. The damages can be calculated from the definite figures in Plaintiffs' evidence, detailed declaration, and attorney certification, so a hearing is unnecessary. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); Dkt. 20-1 (Hall Decl.).

### 1. Unpaid Contributions and Wage Deductions

Plaintiffs request $94,506.06 in damages, which reflects the unpaid contributions and wage deductions from B Squared in breach of the CBA and Trust Agreements. Dkt. 20 at 3 ¶ 11.

In support for its request for unpaid contributions and wage deductions to the trust accounts, Plaintiffs submitted the declaration of its Collections/Unallocated Supervisor for the Trust Fund, Amanda Hall. Dkt. 20-1. Ms. Hall's declaration states that the Trust Funds are administered through the terms and provisions of the Trust Agreements. *Id.* at ¶ 4. The Trust Funds are the collection agent for the contributions and wage deductions owed to the Union. *Id.* Ms. Hall states that B Squared contractually agreed to be bound by the Union's CBA, which also included terms to be bound by the Trust Agreements through a Memorandum of Agreement. *Id.* at ¶ 5-6. Under the CBA and Trust Agreements, Ms. Hall states that "B Squared is required to make monthly reports of the number of hours worked by its bargaining unit employees and pay contributions to the Trust Funds and contributions and wage deductions to the Union at the

negotiated rates on or before the twentieth [] day following the month in which the work was performed." *Id.* at ¶ 7.

Ms. Hall's declaration states that B Squared submitted remittance reports from the time of January 2024 to September 2024 but failed to make contributions or wage deductions. *Id.* at 3 ¶ 15. Ms. Hall's declaration included the chart below, identifying the monthly remittance reports stating the amount owed by B Squared to the Plaintiffs. B Squared made a partial payment of $6,901.78 in August 2024, reducing the owed amount from $101,407.84 to $94,506.06. *Id.* ¶ 17.

| Month: | Amount: |
|---|---|
| January 2024 | $3,001.37 |
| February 2024 | $2,903.00 |
| March 2024 | $6,945.51 |
| April 2024 | $15,360.15 |
| May 2024 | $22,158.32 |
| June 2024 | $10,384.32 |
| July 2024 | $16,099.86 |
| August 2024 | $20,377.31 |
| September 2024 | $4,178.00 |
| **Total:** | **$101,407.84** |

*Id.* at ¶ 16.

These facts establish that B Squared had a contractual obligation under the CBA and Trust Agreements to submit monthly remittance reports and pay the corresponding contributions and wage deductions to the Trust. Accordingly, the Court awards Plaintiffs the requested damages from unpaid contributions and wage deductions totaling $94,506.06.

### 2. Liquidated Damages and Interest

Plaintiffs request $10,912.69 in liquidated damages, and $10,912.69 in interest for unpaid contributions and wage deductions per the CBA and Trust Agreements. *Id.* at 2-3.

Within Ms. Hall's declaration, she states that under Section B(2) of the Trust Funds' Collections and Payroll Audit Policy ("Collection/Audit Policy"), the Trust agreements, and Section 502(g)(2) of ERISA, late remittance reports and contributions result in the assessment of a 10% interest per year of the outstanding contributions, and a 10% liquidated damages charge on outstanding contributions. *Id.* at ¶ 9; dkt. 20-1 at 5 ¶ 4 (Collection/Audit Policy). There are two-time frames for which Plaintiffs seek interest and liquidated damages. First, three months in which B Squared made late payments: November 2023, December 2023, and February 2024 (a month in which B squared made two of three payments on remittance reports, but all were late). *Id.* at ¶ 12-14. B Squared failed to pay timely contributions totaling $1,672.58 in November 2023, $892.82 in December 2023, and two in February 2024: one for $3,142.96 and a second for $2,010.57. *Id.* From these delayed payments, Ms. Hall calculated that B Squared owes $771.91 in liquidated damages, and $771.91 in interest. *Id.*

Second, from the months of January 2024 to September 2024, as calculated in the above unpaid contributions and wage deduction section, B Squared owes the Trust Fund $10,140.78 in liquidated damages and

5

$10,140.78 in interest for unpaid pay contributions and wage deductions. *Id.* at 3 ¶ 18-20.

These facts establish that under the Trust Agreements, B Squared contractually agreed to pay a 10% interest charge and 10% liquidated damages charge for unpaid pay contributions and wage deductions. Totaling the interest and liquidated damages from the two time periods, the Court awards Plaintiffs $10,912.69 in interest and $10,912.69 in liquidated damages for the unpaid contributions and deductions.

### 3. Attorneys' Fees and Costs

Plaintiffs request $8,358.70 in attorneys' fees and costs for collection of the unpaid contributions and wage deductions. Dkt. 20 at 4.

Under Section 29 U.S.C. § 1132(g)(2)(D) of ERISA, district courts shall award "reasonable attorney's fees and costs of the action, to be paid by the defendant." In awarding attorney's fees and costs, the Court must "consider [] the proportionality of the attorneys' fees to the total damage award" and explain the hourly rate used. *Moriarity ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

Plaintiffs have requested $8,358.70 in attorneys' fees for the work of three attorneys at Johnson & Krol, LLC. Dkt. 20-2 at 1. Plaintiffs submitted an affidavit from attorney Adam Y. Decker and a detailed timesheet of the costs and fees incurred from August 8, 2024, to July 14, 2025. *Id.* at 3-16. The three attorneys billed a total of 27.2 hours, at rates of $240.00, $310.00, and $335.00. *Id.* This rate is proportional to rates charged by other firms for

6

this type of work. *See Kirkpatrick v. Liberty Mut. Group, Inc.*, No. 1:10-cv-1397, 2012 WL 2317063, at *3 (S.D. Ind. 2012) (approving attorney's fees rates in ERISA action ranging from $225 to $350). The statement also shows that Plaintiffs paid the $405.00 filing fee for this case. Dkt. 20-2 at 7.

The Court finds that under these facts, Mr. Decker's affidavit, and the detailed time entries, dkt. 20-2, that these attorneys' fees and costs are proportional to the total award of damages and work required to recover the unpaid contributions. Therefore, the Court awards Plaintiffs $8,358.70.

### III.
### Conclusion

Plaintiff's motion for default judgment is **GRANTED.** Dkt. [20]. Plaintiffs are entitled to contractual damages for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs according to the CBA, Collection/ Audit Policy, and Trust Agreements. Plaintiffs requested monetary relief is summarized below:

| | |
|---|---|
| **Unpaid Contributions and Wage Deductions** | $ 94,506.06 |
| **Liquidated Damages** | $ 10,912.69 |
| **Interest on unpaid contributions** | $ 10,912.69 |
| **Attorneys' Fees and Costs** | $ 8,358.70 |
| **Total monetary judgment awarded** | $ 124,690.14 |

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 10/21/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Adam York Decker
Johnson & Krol, LLC
decker@johnsonkrol.com

Joseph E. Mallon
Johnson and Krol, LLC
mallon@johnsonkrol.com

Copies via U.S. Mail to:
B Squared Construction Service, LLC
c/o Mr. Richard Bagsby, Registered Agent
7051 State Road 26 E
Lafayette, IN 47905